United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 14, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51355
Summary Calendar

_____

MARY E. LUNA,

Plaintiff-Appellant,

versus

JAMES D. ROCHE, Secretary United States Air Force,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-02-CV-503-EP)

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mary Luna filed this action for, *inter alia*, discrimination by the Air Force against her based on race, sex, age, and disability. Luna was terminated from her employment at Kelly Air Force Base in 1992 for excessive absenteeism. From 1992 to 1999, she received disability benefits, as administered by the Office of Personnel Management (OPM).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Between 1997 and 1999, OPM requested Luna provide documentation showing her continued disability; she failed to do so. In 1999, OPM advised Luna by letter that it had never received from the Air Force a form required for disability benefits; in fact, OPM had received such a letter in 1992. The benefits were discontinued in June 1999.

Luna filed an EEOC complain, which was denied. Pursuant to a right-to-sue letter, Luna filed this action. Summary judgment was awarded the Air Force because Luna had failed to exhaust administrative remedies.

Luna appeals, *pro se*, contending: (1) the Air Force discriminated against her by failing in 1992 to provide the OPM with a form necessary for disability benefits; and (2) she is entitled to job reassignment or relocation, as of 1999, pointing to a similarly situated employee who was employed by Kelly Air Force Base at that time. (Her motions for appointment of counsel and permission to expand the record excerpts are **DENIED**.)

A summary judgment is reviewed *de novo*. *E.g.*, ***Beeler v. Rounsavall***, 328 F.3d 813, 816 (5th Cir. 2003). Such judgment is appropriate only if there is no material fact issue and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *e.g.,* ***Celotex Corp. v. Catrett***, 477 U.S. 317 (1986).

Luna's claim about any discrimination in 1992 is time-barred, and the district court properly dismissed it for failure to then

2

exhaust administrative remedies. *See* 29 C.F.R. § 1614.105 (complainant must contact EEO counselor within 45 days of alleged race or sex discrimination); 29 U.S.C. § 633a(d) (complainant must provide 30-day notice of intent to sue within 180 days of last day of employment). In any event, the Air Force *did provide* the requisite form to OPM, and Luna received benefits for seven years.

As for the Air Force's failure to offer her a job reassignment in 1999, Luna does not provide a basis entitling her to reassignment seven years after her termination.

*MOTIONS DENIED; JUDGMENT AFFIRMED*

3